CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 1 4 2015

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **LORENZO GERALD FEREBEE,** | ) | Civil Action No. 7:15-cv-00121 |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **T. POWERS, et al.,** | ) | By:   **Hon. Jackson L. Kiser** |
| **Defendants.** | ) | **Senior United States District Judge** |

Lorenzo Gerald Ferebee, a Virginia inmate proceeding pro se, filed a civil rights

complaint pursuant to 42 U.S.C. § 1983, naming four correctional officers from the Red Onion

State Prison as defendants. Plaintiff complains that defendants violated the First Amendment

right to the free exercise of religion and Fourteenth Amendment right to due process.

This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing

Plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim

upon which relief may be granted.[1]

---

[1] I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

On May 23, 2014, Plaintiff received only one of two religious meal trays he was supposed to receive for lunch, and after Plaintiff complained, defendant Officer Turner gave him only one of his two dinner meal trays, too, and confiscated Plaintiff's personal photos. On May 25, 2014, Officer Turner did not serve Plaintiff a religious meal tray for breakfast. Plaintiff further complains that officers would not give him informal complaint forms to start the administrative grievance process, and Plaintiff believes all these acts occurred as retaliation for complaining about the missing food trays.

Allegations that prison officials intentionally or negligently deprived an inmate of his property while acting outside the scope of official policy or custom do not state any constitutional claim if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527 (1981) (overruled in irrelevant part by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). Plaintiff possesses a post-deprivation remedy under Virginia law: the Virginia Tort Claims Act. See Va. Code § 8.01-195.3.

Also, Plaintiff fails to establish that not receiving a breakfast tray and half of a dinner and a half of a lunch constitute a substantial burden on Plaintiff's religious rights. Inasmuch Plaintiff concedes that Officer Taylor's alleged animus was based on Plaintiff's complaints, not his Islamic faith, an equal protection claim fails, too. See, e.g., Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Additionally, Plaintiff fails to establish how he was treated differently than similarly-situated inmates. See, e.g., id. Nonetheless, Plaintiff does not have a constitutional right to access grievance procedures, and consequently, his retaliation claim also fails. See, e.g., Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Plaintiff's denial of some food fails to state a constitutional claim for relief. See, e.g., Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999) (holding that a prisoner missing a meal is not cruel and unusual punishment).

2

Accordingly, Plaintiff's claims of failure to protect and respondeat superior are meritless, and the complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted.

**ENTER**: This 14th day of May, 2015.

Senior United States District Judge